UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV14-05820 JAK (MANx) | Date | September 17, 2014 |
|---|---|---|---|
| Title | Dynasty Dynamics, Inc. v. Michael Charles Butler | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION AND ORDERING DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED (JS-6)**

Introduction

The Court summarily REMANDS this Unlawful Detainer action to the Los Angeles County Superior Court at its Santa Monica Courthouse. The Court also orders Defendant, Michael Charles Butler ("Defendant"), by filing a responsive declaration under penalty of perjury, to show cause why sanctions in the amount of $100 should not be imposed on him pursuant to Fed. R. Civ. P. 11, for his removal of this action, which had previously been remanded following its removal on the same legal theory that he has advanced. That declaration shall be filed on or before September 26, 2014.

Background and Analysis

On May 15, 2014, Dynasty Dynamics, Inc. ("Plaintiff") brought this Unlawful Detainer action against Defendant and all of his unnamed sub-tenants or co-occupants in the Los Angeles County Superior Court. Dkt. 1 at 4. The case was docketed as 14R04740. It was proceeding in the Santa Monica Courthouse. *Id.* Plaintiff sought to recover an amount not exceeding $10,000. *Id.*

On June 30, 2014, Anthony Wilkins, who had a written rental agreement with Defendant, and was among the defendants served by Plaintiff, lodged a notice of the removal of the action to this District Court. LA CV14-05059, Dkt. 1-1 at 1, 8. On July 14, 2014, Chief Judge King summarily remanded the action to the Los Angeles County Superior Court. His order concluded that Wilkins had failed to allege facts sufficient to support either diversity or federal question jurisdiction. LA CV14-05059, Dkts. 1-1, 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-05820 JAK (MANx) | Date | September 17, 2014 |
|---|---|---|---|
| Title | Dynasty Dynamics, Inc. v. Michael Charles Butler | | |

Chief Judge King concluded that there was no federal jurisdiction over this action. As his order observed, Plaintiff's complaint pleads only a routine claim for Unlawful Detainer of real property. He also rejected the only proposed basis for federal jurisdiction advanced by Wilkins, *i.e.*, that the case "arises under the Fourteenth Amendment" because Plaintiff was allegedly trying to evict him without due process. Dkt. 1 at 2. Under the well-pleaded complaint rule, federal question jurisdiction exists only where the plaintiff's complaint establishes that the case "arises under" federal law. *See Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 153 (1908). Defenses, including constitutional defenses, do not create federal question jurisdiction. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California,* 463 U.S. 1, 9-11 (1983).

On July 25, 2014, which was approximately 10 days after the remand order was issued, Defendant removed the same action for a second time based on a notice of removal that was identical in all material respects to the one previously filed by Wilkins. Dkt. 1. Whether this action could be removed had been decided by Judge King. For this reason, Defendant has failed to carry his burden to show that removal is proper. Moreover, he has not shown why it was appropriate to have effected this successive removal in what may have been a violation of Judge King's Order of remand.

<u>Order to Show Cause re Sanctions</u>

The Court retains jurisdiction following remand to impose sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (sanction determination "may be made after the principal suit has been terminated"); *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1303 (9th Cir. 1990) ("[E]ven if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse."). They may be imposed for clearly frivolous removal petitions. *Bank of Astoria v. Hobizal*, 872 F.2d 426 (9th Cir. 1989).

The Court is mindful that Defendant is a self-represented litigant and that his status is relevant to a determination whether sanctions should be imposed. *Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir. 1994). However, filings by self-represented litigants "still may be frivolous if filed in the face of previous dismissals involving the exact same parties under the same legal theories." *Id.* (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir.1987)). As stated above, on or before September 26, 2014, Defendant shall file a declaration under penalty of perjury explaining why sanctions in the amount of $100 should not be imposed for this second removal of this action.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV14-05820 JAK (MANx) | Date | September 17, 2014 |
|---|---|---|---|
| Title | Dynasty Dynamics, Inc. v. Michael Charles Butler | | |

Upon receiving any response from Defendant, the Court will determine whether or not sanctions should be imposed, and if so, their amount.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |